**CLD-260** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2532
_____

IN RE: SYLVESTER ANDREWS,
                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Crim. No. 2-92-cr-00671-008)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 9, 2015
Before: FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: July 21, 2015)
_____

OPINION*
_____

PER CURIAM

Sylvester Andrews petitions for a writ of mandamus in which he requests that we

recall the mandate in an earlier appeal. For the reasons below, we will deny the petition.

Andrews was convicted in 1993 of various conspiracy, drug trafficking, and

weapons offenses. He was sentenced to life in prison for the drug offenses and a

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

consecutive sentence of forty years on the weapons charges.[1]  We affirmed his conviction and sentence on appeal.  In 2001, Andrews filed a motion pursuant to 28 U.S.C. § 2255 which the District Court denied as time-barred.  On appeal, we denied his request for a certificate of appealability.  See No. 03-3046.

In September 2014, Andrews filed another § 2255 motion which the District Court dismissed as second or successive.  Andrews appealed, and in our April 20, 2015 order denying his application for a certificate of appealability, we noted that his claims of actual innocence, prosecutorial misconduct, counsel's failure to investigate alibi witnesses, and sentencing error based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), were meritless.  See C.A. No. 14-4013.  On May 20, 2015, we denied Andrews's petition for rehearing.

On June 25, 2015, Andrews filed the instant mandamus petition.  He argued that we erred in deciding the merits of his § 2255 claims in No. 14-4013 and requested that we recall the mandate in that case.

The writ of mandamus will issue only in extraordinary circumstances.  See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985).  As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable

---

[1] In 2008, his life sentence was reduced to thirty years after he filed a successful motion pursuant to 18 U.S.C. § 3582(c)(2).  His sentence on one of the weapons charges was later vacated under Bailey v. United States, 516 U.S. 137 (1995).

right to the relief sought.  <u>Kerr v. U.S. Dist. Court</u>, 426 U.S. 394, 403 (1976).  A writ is not a substitute for an appeal.  <u>See</u> <u>In re Briscoe</u>, 448 F.3d 201, 212 (3d Cir. 2006).

Andrews had the alternate remedy of petitioning for rehearing of our decision in No. 14-4013.  In fact he did petition for rehearing, albeit unsuccessfully.  Moreover, he has not shown a clear and indisputable right to the relief he seeks; we have already determined that his § 2255 claims are without merit.  And because his claims are without merit, it would be an abuse of discretion to recall the mandate.  <u>See</u> <u>Calderon v. Thompson</u>, 523 U.S. 538, 558 (1998) (abuse of discretion to recall mandate unless acting to avoid miscarriage of justice).

For the above reasons, we will deny the mandamus petition.

3